**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| STEERING COMMITTEES OF LAKE ROAD | * | |
| AND LA PALOMA PROJECT LENDERS, | * | |
| | * | |
| Appellants, | * | |
| | * | |
| v. | * | Civil Action No. AW-06-0766 |
| | * | |
| NATIONAL ENERGY & GAS | * | |
| TRANSMISSION, INC., | * | |
| | * | |
| Appellee | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **MEMORANDUM OPINION**

On May 10, 2006, this Court issued an order affirming the bankruptcy court's disallowance of Appellants' post-petition interest claim ("Interest Claim"). In the same order, this Court vacated and remanded the bankruptcy court's disallowance of Appellants' claim for fees and expenses ("Expenses Claim"). Pursuant to 28 U.S.C. § 1292(b), Appellants have moved this Court to amend its May 10, 2006 Order to certify for interlocutory appeal the Court's ruling with respect to the Interest Claim. Appellee has objected to the certification insofar as it only certifies this Court's ruling with respect to the "Interest Claim" and not both rulings of the Court. Currently pending before the Court is Appellants' Motion for Certificate of Appealability [10]. The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will DENY Appellants' Motion for Certificate of Appealability.

## **STANDARD OF REVIEW**

To obtain certification for interlocutory review, a petitioner must demonstrate that there exists a controlling question of law about which there is a substantial ground for difference of

opinion, and that an immediate appeal will materially advance the ultimate resolution of the case. *See* 28 U.S.C. § 1292(b); *United States v. Eltzroth*, 124 F.3d 632, 635 n.4 (4th Cir. 1997). Section 1292(b) should be used "only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).

## ANALYSIS

Typically, the United States courts of appeals have jurisdiction over final judgments of the district courts. 28 U.S.C. § 1291. The United States Supreme Court has explained that the final judgment rule

> emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact that occur in the course of a trial. Permitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system. In addition, the rule is in accordance with the sensible policy of avoiding the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment.

*Cunningham v. Hamilton County*, 527 U.S. 198, 203-204 (1999). In accordance with the "longstanding rule against piecemeal appeals," this Court has limited the application of Section 1292(b) to exceptional cases. *Beck v. Communication Workers of America*, 468 F.Supp. 93, 95-96 (D. Md. 1979).

Appellants have not persuaded the Court that its ruling with respect to the Interest Claim is so exceptional as to justify bifurcating the Court's Order and permitting a piecemeal appeal on the issue. On the contrary, it is the opinion of the Court that judicial efficiency is promoted by waiting for a disposition from the bankruptcy court on the Expenses Claim issue and a possible appeal of that decision to this Court before proceeding with any further appeals. Any prejudice that may result

from allowing this litigation to run its course is outweighed by the potential cost and strain on judicial resources from the succession of appeals that will ensue if Appellants' motion is granted. As such, Appellant's Motion for Certificate of Appealability must be denied.

## **CONCLUSION**

For the reasons stated above, the Court will DENY Appellants' Motion for Certificate of Appealability [10]. An Order consistent with this opinion will follow.

| | |
|---|---|
| __September 13, 2006__ | _____/s/_____ |
| Date | Alexander Williams, Jr. |
| | United States District Judge |